IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER R. EKIS     *
    *
v.     *
    *     Civil No. JKS 09-918
    *
MICHAEL J. ASTRUE     *
**Commissioner of Social Security**     *
    *

## MEMORANDUM OPINION

Plaintiff Christopher Ekis (Ekis) brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying his disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433, and Supplemental Social Security Income (SSI) payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382 *et seq.* The parties consented to referral to a United States Magistrate Judge for all proceedings and final disposition. Ekis's and Astrue's motions for summary judgment are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Ekis's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted.

**1. Background.**

Ekis protectively filed an application for DIB on September 8, 2005, (R. 77-80, 81), and an application for SSI on September 30, 2005, alleging in both applications an onset of disability on September 23, 2004. (R 77-80).[1] Following denial of his claims initially, (R. 29, 31-35), and on reconsideration, (R. 30, 41-42), an Administrative Law Judge (ALJ) held a hearing on October 17, 2007, at which Ekis was represented by an attorney. (R. 256-73). On November 27,

---

[1] Ekis first filed applications for DIB and SSI payments on February 9, 2005, alleging an onset of disability on September 23, 2004. (R. 73-76). This claim was denied, and Ekis did not appeal because he was in a nursing home and did not receive the denial letter. Dkt. No. 11, pp. 1-2.

2007, the ALJ found that Ekis was not disabled within the meaning of the Act. (R. 15-28). The Appeals Council denied Ekis's request for a review, rendering the ALJ's determination as the final decision of the Commissioner of Social Security. (R. 4-6).

2. **ALJ's Decision.**

The ALJ evaluated Ekis's DIB and SSI claims using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determined that Ekis has not engaged in substantial gainful activity since his disability onset date. (R. 20). At step two, the ALJ concluded that Ekis has the following severe impairments: history of valvular heart disease, endocarditis, cardiomyopathy with severe left ventricular systolic dysfunction, severe left anterior descending artery disease, neuropathy, and peripheral vascular disease. (R. 20-22). However, at step three the ALJ determined that Ekis's impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 22-23). In evaluating Ekis's residual functional capacity (RFC) at step four, the ALJ found that Ekis has the ability to perform a reduced range of light exertional level work, and that he is unable to perform any past relevant work. (R. 23-26). At step five, the ALJ found that considering Ekis's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 27-28). As a result, the ALJ determined that Ekis was not disabled within the meaning of the Act. (R. 28).

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

Ekis raises two issues in his appeal. First, he claims that the ALJ did not properly evaluate his subjective complaints. Second, Ekis asserts that the ALJ did not give proper weight to the opinions of his treating cardiologist.

    A. The ALJ Properly Addressed Ekis's Subjective Complaints.

Where a claimant alleges disability due to fatigue and other symptoms, the ALJ must apply the Commissioner's regulations, 20 C.F.R. §§ 404.1529 and 416.929, which establish a two-step process for evaluating whether a person is disabled by fatigue and other symptoms. *See Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold question is whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. *Id.* (citing 20 C.F.R. §§ 404.1529(b) and 416.929(b)). If so, the second step is to evaluate the intensity and persistence of the claimant's symptoms and to determine the extent to which the symptoms limit the claimant's capacity for work. *Craig*, 76 F.3d at 595 (citing 20 C.F.R. §§ 404.1529(c)(1) and 416.929(c)(1)). At this stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and his treating or examining physicians, 20 C.F.R. §§ 404.1529(c)(1)

3

and 416.929(c)(1), objective medical evidence of the symptoms, 20 C.F.R. §§ 404.1529(c)(2) and 416.929(c)(2), and any information proffered by the claimant, such as the claimant's daily activities, an account of what aggravates the symptoms, medications taken to alleviate the symptoms, and a summary of how the symptoms affects daily living. 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). The ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims of fatigue or other symptoms can reasonably be accepted. *Craig*, 76 F.3d at 595-96 (citing 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4)).

The ALJ properly addressed Ekis's subjective complaints of fatigue and weakness. At the threshold *Craig* question, the ALJ found that Ekis's medically determinable impairments and side effects from medications could reasonably be expected to cause his alleged symptoms. (R. 24). However, at the second step, the ALJ determined that Ekis's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were more restrictive than the ALJ's RFC finding. (R. 24-25). The ALJ found that Ekis's "testimony that the symptoms from his impairments and side effects of medications cause him to become extremely tired and weak, which prevent him from standing for long periods of time or sitting without falling asleep, is not supported by the objective medical evidence and is inconsistent with the other evidence of record." (R. 25).

To support this finding, the ALJ discussed the evidence at length in determining the credibility of Ekis's complaints about his fatigue and weakness. In September 2005, Ekis's treating physician, Dr. Godswill Okoji, assessed that Ekis's impairments did not prevent him from sitting, standing and walking, grasping, pushing, performing fine manipulation, lifting/carrying, and performing postural movements.[2] (R. 129-32). The ALJ noted that during a

---

[2] The ALJ was more conservative than Dr. Okoji in finding that Ekis's RFC was limited to a reduced range of light work, involving simple, routine unskilled tasks. (R. 23).

4

February 28, 2006 consultative examination with Dr. Gerald I. Shugoll, although Ekis complained of weakness, shortness of breath, and dizziness, Dr. Shugoll found that Ekis had only mild to moderate tricuspid regurgitation with no evidence of right heart failure and that Ekis's subjective symptoms were out of proportion to the objective findings.[3]  (R. 163).  At the hearing, Ekis testified that he feels tired due to low blood pressure, (R. 262-63), but the ALJ noted that Ekis's blood pressure readings had not been very low between May 2005 and August 2006.  (R. 25).  Similarly, Ekis testified that he cannot concentrate, but the ALJ noted that Dr. Okoji found Ekis's psychiatric examination to be normal.[4]  (R. 25).  Accordingly, the ALJ's evaluation of Ekis's subjective complaints is supported by substantial evidence and thus must be affirmed.

Ekis also contends that the ALJ did not discuss the side effects of his medications.  In evaluating a claimant's symptoms, the ALJ will consider factors relevant to the claimant's symptoms, including the type, dosage, effectiveness, and side effects of any medications the claimant takes or has taken.  20 C.F.R. §§ 404.1529(c)(3)(iv) and 416.929(c)(3)(iv).  However, the ALJ clearly noted and considered the side effects and determined that even when the side effects were coupled with his other impairments, Ekis could still perform work within the established RFC.  (R. 24-25).

Ekis further contends that the ALJ's hypothetical question to the VE did not include the full extent of Ekis's subjective limitations.  "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record . . .

---

[3] Dr. Shugoll also stated that it was possible that Ekis's symptomatology could be related to his medications.  (R. 163).  Although the ALJ included this opinion of Dr. Shugoll's in determining Ekis's severe impairments, (R. 21), the ALJ omitted this opinion in assessing Ekis's RFC.  (R. 25).  The ALJ was entitled to give greater weight to the opinion of Ekis's treating physician, Dr. Okoji, which did not raise the same concerns as Dr. Shugoll's opinion.  *See* 20 C.F.R. § 404.1527(d)(2) ("[g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . .").

[4] Nevertheless, the ALJ included in Ekis's RFC determination that he has moderate difficulties in concentration.  (R. 23).

and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). The ALJ has "great latitude in posing hypothetical questions and need only pose those that are based on substantial evidence and accurately reflect the plaintiff's limitations." *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000) (citations omitted). The ALJ asked the VE about possible job positions for Ekis based upon a finding that he could perform work at the light exertional level, limited to simple, routine and unskilled tasks. (R. 270). Because the ALJ properly addressed Ekis's subjective complaints in determining his RFC, as discussed *supra*, the ALJ's hypothetical question was proper.

  B. The ALJ Properly Addressed the Opinion of Ekis's Treating Cardiologist.

While the Commissioner must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. § 404.1527(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. Indeed, it may be disregarded entirely, but only where there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The record adequately supports the ALJ's decision to give controlling weight to Dr. Okoji's opinion and reject Dr. Hector K. Collison's finding of total disability. The ALJ appropriately rejected Dr. Collison's opinion that Ekis is "a cardiac cripple and cannot work" because Dr. Collison's opinion was not supported by follow-up cardiac testing, and the follow-up testing that was performed showed normal cardiac functioning. (R. 26). As discussed *supra*, the ALJ properly rejected Dr. Collison's opinion that the side effects of Ekis's medications caused disabling fatigue because it was inconsistent with Dr. Okoji's medically supported

finding that the side effects did not affect Ekis's RFC or ability to work after September 18, 2005. (R. 25, 130-31). Dr. Collison also opined that Ekis had marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; and repeated episodes of decompensation. (R. 126). However, the ALJ properly rejected this opinion because Dr. Collison did not find that Ekis had a mental impairment, and the record contains persuasive contradictory evidence: Dr. Okoji's findings that Ekis had no mental impairment and had only moderate functional limitations. (R. 26, 126, 130-31). Thus, sufficient evidence justifies the ALJ's rejection of Dr. Collison's opinion.

**5. Conclusion.**

For the foregoing reasons, Ekis's motion for summary judgment will be denied, and Astrue's motion for summary judgment will be granted. A separate Order will be entered.

Date:  June 29, 2010   /S/  
                                                                          JILLYN K. SCHULZE  
                                                        United States Magistrate Judge